IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:05-CR-96 |
| JOSE ADAM REYES | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 10, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Chris Eason.

On September 7, 2006, Defendant was sentenced by the Honorable United States District Judge Paul Brown and was sentenced to seventy-eight (78) months imprisonment followed by a five (5) year term of supervised release for the offense of Conspiracy to Distribute and Possess with Intent to Distribute Gamma Hydroxybutrate ("GHB"), 3, 4 Methylenedioxy-methampetamine ("MDMA/Ecstasy"); Cocaine, Cocaine Base ("Crack"), Methamphetamine or Marijuana. On September 20, 2012, this case was reassigned to the Honorable Judge Marcia A. Crone.

On August 5, 2011, Defendant completed his period of imprisonment and began service of his term of supervised release.

REPORT AND RECOMMENDATION – Page 1

On September 3, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2229 Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) The Defendant shall not commit another federal, state, or local crime; (2) The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) As a condition of supervised release, immediately upon release from confinement, the Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. 1101, et.seq. If ordered deported, the Defendant shall remain outside the United States. In the event the Defendant is not deported, the Defendant shall comply with all conditions of supervised release.

The Petition alleges that Defendant committed the following acts: (1) On August 12, 2015, the Defendant was arrested for Driving While Intoxicated, 2nd by the Wylie, Texas, Police Department. A breath specimen was obtained by police and the Defendant blew a .244 and .244. As of this writing, the case has not been filed, and the Defendant remains in custody in Collin County Jail subject to a hold placed by the U.S. Department of Homeland Security (2) It is also alleged the Defendant was found illegally in the United States, after previously being deported on August 5, 2011, on or about August 12, 2015, in or about Wylie, Texas, in Collin County, Texas, in violation of Title 8 U.S.C. § 1326. As of this writing, no charges have been filed but an Immigration Detainer has been placed on the Defendant by the U.S. Department of Homeland Security; and (3) The Defendant failed to remain outside the United States after being deported on August 5, 2011, as evidenced by his arrest on or about August 12, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition, and to those factual allegations related to his DWI arrest. The Government will dismiss allegation three (3) and those remaining factual allegations to which Defendant pled not true regarding illegal reentry. Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

**SIGNED this 10th day of December, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE